IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KEVIN ROGERS,

           Plaintiff,

vs.

NATIONAL ACTION NETWORK, INC., et al.,

           Defendants.

4:24-CV-3037

MEMORANDUM AND ORDER

     The plaintiff, Kevin Rogers, is a non-prisoner proceeding without payment of fees. The Court now conducts an initial review of the plaintiff's complaint, filing 1, to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

I. SUMMARY OF COMPLAINT

     The plaintiff requested assistance from the National Action Network, Inc. (NAN), a civil rights nonprofit organization. Filing 1 at 2. Between March 2021 and May 2023, the plaintiff had several emails and online meetings with NAN employees, but ultimately, NAN declined to assist the plaintiff. Filing 1 at 2. The plaintiff asserts that NAN did not assist him because he is not African American, and claims that NAN has contravened federal antidiscrimination law by refusing to assist him on the basis of race.

## II. STANDARD OF REVIEW

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

The plaintiff asserts that NAN is a "federally assisted program," and thus is prohibited from race-based discrimination under Title VII of the Civil Rights Act of 1964. Filing 1 at 3. The provision at issue states:

2

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d. The plaintiff asserts that NAN receives "in-kind assistance" from the federal government "in the form of supported appearances and speeches from numerous high-ranking federal officials," and thus receives federal financial assistance for purposes of the statute. Filing 1 at 3.

However, the "in-kind assistance" identified by the plaintiff is not "Federal financial assistance" for purposes of Title VII. Rather, a private entity becomes subject to § 2000d if it receives a "grant, loan, or contract other than a contract of insurance or guarantee" from a federal department or agency empowered to extend financial assistance. § 2000d-1. This Court has taken judicial notice of public records that disclose organizations receiving federal financial assistance. NAN does not receive grants, loans, or contracts from any department or agency of the federal government, and thus is not subject to the antidiscrimination provision of § 2000d. *See* Government Spending Open Data, http://www.usaspending.gov (last visited Aug. 12, 2025).

Liberally construing the plaintiff's complaint, 42 U.S.C. § 1981 may apply. That statute prohibits racial discrimination in all phases and incidents of a contractual relationship, though it does not provide a general cause of action for race discrimination. *See Gregory v. Dillard's, Inc.*, 565 F.3d 464, 468 (8th Cir. 2009) (en banc). Section 1981 requires a plaintiff to establish four elements: (1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, and (4) interference with that activity by the defendant. *Id.* at 469.

3

But the plaintiff has not stated a claim under § 1981 because the facts in the complaint do not support an inference that NAN or the other defendants intentionally discriminated against him on the basis of his race. The plaintiff alleges that he had several communications with NAN employees; he was not absolutely precluded from seeking their assistance with his case. According to the plaintiff's own allegations, NAN employees heard him out and ultimately decided that the plaintiff's claims were without legal merit and not worth pursuing in the "court of public opinion." *See* filing 1 at 17. The Court has taken judicial notice of the lawsuit with which the plaintiff sought help from NAN, which this Court summarily dismissed as wholly meritless. *See Rogers v. Univ. of Pittsburg*, No. 4:23-cv-3058, 2025 WL 1381461, at *2 (D. Neb. May 13, 2025). There are no facts in the complaint to support even a generous inference that NAN intended to discriminate against the plaintiff on the basis of his race, given the several hours that NAN employees spent discussing the matter with him. *See* filing 1 at 11.

The plaintiff's conclusory allegations that NAN has "long-established and long-utilized" tactics to discriminate against white people, are insufficient to state a claim. *See Twombly*, 550 U.S. at 555. The plaintiff has no legal recourse for his claim that he was somehow wronged when his "ideas" were "stolen," nor can he recover $4 million because he was denied assistance from a private organization that determined he did not have a meritorious case. *See* filing 1 at 8; filing 1 at 17.

The plaintiff has failed to state a claim upon which relief may be granted. Consequently, the plaintiff's complaint is subject to dismissal under § 1915(e). For the reasons explained above,

    IT IS ORDERED:

4

1. The plaintiff's complaint (filing 1) is dismissed without prejudice.

2. A separate judgment will be entered.

Dated this 12th day of August, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge